UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STEPHEN J. PERCER,

                PETITIONER,

       v.

DOUG WADDINGTON,

              RESPONDENT.

NO. CV-04-5100-EFS

**ORDER DISMISSING PETITION
UNDER 28 U.S.C. § 2254 FOR
WRIT OF HABEAS CORPUS BY
PERSON IN STATE CUSTODY**

BEFORE THE COURT, without oral argument, is Petitioner Stephen J. Percer's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody ("Petition") (Ct. Rec. 4).  Mr. Percer appears *pro se*.  While Respondent Doug Waddington is represented by Assistant Washington Attorney General John H. Samson.  The Court has reviewed all submitted materials and is fully informed on the issues raised by the parties.

## I. Background

On February 12, 1996, in Kittitas County Superior Court, Mr. Percer pled guilty to the following Washington crimes: (1) vehicular homicide, (2) taking a motor vehicle without owner's permission, (3) first degree theft, and (4) hit and run. (Ct. Rec. 9 at Ex. 1.)  Four days later, Mr. Percer was convicted of felony murder in the second degree ("felony

ORDER ~ 1

murder conviction") following a bench trial. *Id.* As a result of these crimes, Mr. Percer was sentenced to 288 months imprisonment. *Id.* Mr. Percer's felony murder conviction was affirmed by the Washington Court of Appeals on October 14, 1997. *Id.* at Ex. 2. The Washington Supreme Court then denied Mr. Percer's Petition for Review of the Court of Appeals' decision on April 1, 1998. *Id.* at Ex. 5.

On December 21, 1999, while serving his sentence, Mr. Percer signed and subsequently filed a document titled "Petition of Writ of Habeas Corpus and Memorandum in Support of Petition" with the Washington Supreme Court. *Id.* at Ex. 6. In this petition, Mr. Percer requested "habeas relief from his confinement in Crowley County, Colorado[,]" where Mr. Percer was serving his Washington sentence on agreement between Washington and Colorado authorizes. *Id.* Mr. Percer believed it was unlawful for Washington to house him outside the state's boundaries. *Id.* On January 4, 2000, this petition was construed by the Washington Supreme Court as a personal restraint petition ("Personal Restraint Petition No. 1"), *id.* at Ex. 7, and later dismissed on March 6, 2001, *id.* at Ex. 8. The Washington Supreme Court's dismissal of Personal Restraint Petition No. 1 was declared final on May 18, 2001. *Id.* at Ex. 9.

On May 31, 2001, Mr. Percer filed a document titled "Personal Restraint Petition" ("Personal Restraint Petition No. 2") with the Washington Court of Appeals. *Id.* at 10. In this petition, Mr. Percer asked the Washington Court of Appeals to vacate his felony murder conviction on the ground it was unconstitutional under the Constitution's double jeopardy clause ("Double Jeopardy Claim"). *Id.* at Ex. 11. On May 21, 2002, based on Mr. Percer's Double Jeopardy Claim, the Washington

Court of Appeals granted Personal Restraint Petition No. 2 by vacating Mr. Percer's felony murder conviction and remanding his case for resentencing. *In re Percer*, 111 Wash. App. 843, 850 (2002), *rev'd*, 150 Wash. 2d 41 (2003). However, the Washington Court of Appeals' decision was revered on August 21, 2003, by the Washington Supreme Court. *In re Percer*, 150 Wash. 2d 41, 54-55 (2003).

In July 2004, Mr. Percer initiated the instant habeas proceedings by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("July Petition") by Person in State Custody in the Western District of Washington. (Ct. Rec. 2.) Because Mr. Percer is challenging a criminal judgment entered by a superior court located in Eastern Washington, Mr. Percer's case was transferred to the Eastern District of Washington. (Ct. Rec. 1.) Upon receiving and reviewing his July Petition, the Court Ordered Mr. Percer to filed an amended petition that named a correct Respondent.[1] Mr. Percer filed a new Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody on November 17, 2004. (Ct. Rec. 4.) In his Petition, Mr. Percer reasserts the Double Jeopardy Claim raised in Personal Restraint Petition No. 2. *Id.*

///

///

---

[1] The July Petition listed "State of Washington" as Respondent. Mr. Percer's listing was deficient because a petitioner seeking habeas corpus relief under § 2254 must name the state officer having custody over him or her as the respondent to his or her petition. Rule 2(a) of the RULES GOVERNING SECTION 2254 CASES IN THE U.S. DIST. COURTS.

ORDER ~ 3

1

## II. Analysis

2      The Antiterrorism and Effective Death Penalty Act ("AEDPA")

3  provides:[2]

4       (1) A 1-year period of limitations shall apply to an
        application for a writ of habeas corpus by a person in custody
5       pursuant to the judgment of the State court.  The limitation
        period shall run from the latest of -

6

7            (A) the date on which the judgment became final by the
            conclusion of direct review or the expiration of the time
            for seeking such review;

8

9            (B) the date on which the impediment to filing an
            application created by State action in violation of the
            Constitution or laws of the United States is removed, if
10           the applicant was prevented from filing by such State
            action;

11

12           (C) the date on which the constitutional right asserted
            was initially recognized by the Supreme Court, if the
            right has been newly recognized by the Supreme Court and
13           made retroactively applicable to cases on collateral
            review; or

14

15           (D) the date on which the factual predicate of the claim
            or claims presented could have been discovered through
            the exercise of due diligence.

16

17       (2) The time during which a properly filed application for
        State post-conviction or other collateral review with respect
        to the pertinent judgment or claim is pending shall not be
18       counted toward any period of limitation under this subsection.

19  28 U.S.C. § 2244(d).

20  **A. Direct Review: § 2244(d)(1)(A)**

21      A criminal judgment becomes final at the conclusion of its direct

22  appellate review or the expiration of the time for seeking such review.

23  *Id.* § 2244(d)(1)(A).  The time period for seeking direct review under §

24

25      [2] Before the merits of the Petition are considered, the Court must

26  determine whether it was timely filed.

ORDER ~ 4

2244(d)(1)(A) "includes the period within which a petitioner can file a petition for a writ of *certiorari* from the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Thus, after direct review relief is denied by a state supreme court, if a petition for a writ of *certiorari* is not filed, a petitioner's § 2254 statute of limitations accrual date commences ninety days after the state supreme court's "entry of the order denying discretionary review." *Id.*; SUP. CT. R. 13(1).

Here, Mr. Percer was denied direct review relief on the appeal of his felony murder conviction by the Washington Supreme Court on April 4, 1998. Therefore, because Mr. Percer did not file a petition for a writ of *certiorari* from the United States Supreme Court, his judgment became final on June 30, 1998, ninety days following the Washington Supreme Court's denial of his Petition for Review (Ct. Rec. 9 at Ex. 5). Accordingly, Mr. Percer's Petition is untimely under § 2244(d)(1)(A) because it was not filed until July 2004, a date more than one-year after the date on which his judgment became final. *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999).

**B. Impediments to Filing, Newly Recognized Constitutional Rights, and/or Newly Discovered Evidence: § 2244(d)(1)(B)-(D)**

Because nothing in the record suggests (1) Mr. Percer was impeded by state action from filing his Petition, (2) Mr. Percer's Petition is based on a constitutional right recognized by the United States Supreme Court after June 30, 1999, or (3) Mr. Percer's habeas claim is based on evidence discovered after June 30, 1999, the Court concludes Mr. Percer's

ORDER ~ 5

1   one-year statute of limitation for filing a § 2254 petition began on June
2   30, 1999, in accordance with § 2244(d)(1)(A).

3   **C. Post-Conviction Review: § 2244(d)(2)**

4       Mr. Percer's arguments that his § 2254 statute of limitation was
5   tolled under § 2244(d)(2) while his Personal Restraint Petitions were
6   pending in state court are irrelevant because Mr. Percer's one-year
7   deadline for filing a § 2254 petition had already run prior to his filing
8   of either of the Personal Restraint Petitions.[3]  As noted above, Mr.
9   Percer's judgment became final on June 30, 1998, which was more than one-
10  year before Mr. Percer filed his Personal Restraint Petitions (No.1:
11  December 27, 1999; No. 2: May 31, 2001).  Accordingly, even if these time
12  periods were tolled under § 2244(d)(2), Mr. Percer's Petition is
13  nonetheless untimely under AEDPA's one-year statute of limitations.

14  **D. Equitable Tolling**

15      Section 2254's one-year statute of limitation may be tolled when
16  "extraordinary circumstances beyond a prisoner's control make it
17  impossible to file a petition on time" and "the extraordinary
18  circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345
19  F.3d 796, 799 (9th Cir. 2003) (internal quotation marks and citation
20  omitted).  Usually, a petitioner "seeking equitable tolling bears the
21  burden of establishing two elements: (1) that he has been pursuing his

22  ─────────────────

23      [3] The Court expresses no opinion on whether Personal Restraint
24  Petition No. 1, which did not raise Mr. Percer's Double Jeopardy Claim,
25  could effectively toll the § 2254 statute of limitation under §
26  2244(d)(2) had it been filed prior to June 30, 1999.

ORDER ~ 6

rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005).

In his Reply to Respondent's Response, Mr. Percer expresses his belief he is entitled to equitable tolling. (Ct. Rec. 10.)  However, Mr. Percer provides no basis for the belief.  Instead, Mr. Percer merely asserts that an application of § 2254's one-year statute of limitation would be "unfair." *Id.* at 6. This is insufficient. Accordingly, because Mr. Percer failed to demonstrate (1) he diligently pursued his constitutional rights and (2) that some extraordinary circumstance prohibited him from seeking habeas relief, and nothing in the record suggests his claims should be equitable tolled, the Court denies Mr. Percer's request for equitably tolling relief.

### III. Conclusion

Because Mr. Percer's judgment became final on June 30, 1998, his Petition was not filed prior to one year thereafter, and there is no basis for tolling § 2254's statute of limitations, Mr. Percer's Petition is dismissed as untimely under § 2244(d).

Accordingly, **IT IS HEREBY ORDERED**: Petitioner Stephen J. Percer's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody **(Ct. Rec. 4)** is **DISMISSED**.  The Clerk's Office shall **ENTER JUDGMENT** dismissing Petitioner's Claims.

///
///
///
///
///

ORDER ~ 7

1    **IT IS SO ORDERED.**   The District Court Executive is directed to enter

2    this Order and judgment, provide copies of this Order to Petitioner and

3    counsel for the Respondent, and **CLOSE THIS FILE.**

4    **DATED** this   22nd   day of February, 2006.

5

6                          ____/s/Edward F. Shea____
                              EDWARD F. SHEA

7                         United States District Judge

8    Q:\Civil\2004\5100.habeas.petition.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 8